The Hon. James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT JOHNSON, et al., <br><br> Defendants, <br><br> And, <br><br> RENEE VETO, <br><br> Third-Party Claimant. | NO. CR13-100-JLR <br><br> SETTLEMENT AGREEMENT AND [PROPOSED] ORDER APPROVING SETTLEMENT AND FINAL ORDER OF FORFEITURE <br><br> NOTE ON MOTION CALENDAR: <br><br> April 16, 2019 |

The United States, by and through its undersigned counsel, and Claimant Renee Veto hereby AGREE to the following terms in order to settle the interest Ms. Veto has asserted in $5,000 in currency and JP Morgan Chase Bank cashier's check no. 1050207833 in the amount of $5,000, both of which were seized from her residence at 4029 West 72nd Street, Ferndale, Washington on January 23, 2013.

Settlement Agreement and Order - 1
U.S. v. Scott Johnson, et al., CR13-100-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## RELEVANT PROCEDURAL FACTS

Ms. Veto's husband, Barry Veto, was indicted in this case on March 28, 2013 with Conspiracy to Manufacture and Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii) and 846, and Manufacturing and Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and 18 U.S.C. § 2 (Dkt. No. 1). On October 22, 2013, Mr. Veto entered a plea of guilty to Conspiracy to Manufacture and Distribute Controlled Substances (Dkt. No. 86). Pursuant to his plea agreement, Mr. Veto agreed to forfeit his interest in the $5,000 in currency and the $5,000 cashier's check, as well as some marijuana grow equipment and nine firearms, on the grounds they represented proceeds from and/or facilitating property for his distribution of controlled substances (Dkt. No. 86, ¶ 7). Mr. Veto's interest in this property was forfeited at his sentencing on March 10, 2014 (Dkt. Nos. 102, 160, and 161).

As required by 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(C), the United States published notice of its intent to fully and finally forfeit the currency and cashier's check (Dkt. No. 142). The United States also provided direct notice Mr. Veto's wife, Renee Veto, as required by Fed. R. Crim. P. 32.2(b)(6)(A). On August 8, 2014, Ms. Veto filed a claim to the currency and cashier's check (Dkt. No. 241). No additional parties have filed claims to any of the property, and the time for doing so has now expired pursuant to 21 U.S.C. § 853(n)(2), Fed. R. Crim. P. 32.2(b)(6), and Fed. R. Civ. P., Supp. R. G(5)(a)(ii).

## AGREEMENT

The United States and Ms. Veto (collectively, "the Parties") agree to the following terms of settlement:

1.  Based on the material Ms. Veto submitted in support of her claim, the

United States recognizes her community property interest in the currency and cashier's check. On that basis, the United States agrees to return to Ms. Veto half of the currency and half of the value of the cashier's check – i.e., the United States agrees to return to Ms. Veto a total of $5,000.

2. In recognition of the United States' agreement in Paragraph 1, Ms. Veto withdraws her claim to the remaining $5,000 and agrees to its final forfeiture. By agreeing to the forfeiture of the remaining $5,000, Ms. Veto expressly abandons any and all legal interest she may have in it and expressly waives any right to challenge its forfeiture in this, or any collateral, proceeding. To accomplish forfeiture of the remaining $5,000, the Parties agree to entry of the Order proposed below.

3. Ms. Veto recognizes that the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3716, which is administered by the Treasury Offset Program ("TOP"), requires the United States Treasury to offset federal payments to collect certain delinquent debts owed to the United States by a payee. Ms. Veto recognizes, therefore, that the amount of the relevant payment identified in Paragraph 1 may be reduced by the amount of any delinquent debt TOP is required to collect.

4. The Parties agree that each will bear its own fees and costs incurred in these ancillary forfeiture proceedings.

5. Ms. Veto agrees to release and hold harmless the United States, its agents, servants, and employees (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims she, or her representatives or agents, may possess, or that may arise, as a result of the United States' action against the currency and cashier's check.

6. The Parties agree this Agreement is subject to review and approval by the Court, as provided in the proposed Order below. If the Court enters the proposed Order, a violation of any term or condition of this Agreement shall be construed as a violation of that Order.

Settlement Agreement and Order - 3
U.S. v. Scott Johnson, et al., CR13-100-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 16th day of April, 2019.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*/s/ Michelle Jensen*
MICHELLE JENSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

*/s/ Renee Veto*
RENEE VETO
1098 Shaw Road
Ferndale, WA 98248
(360) 319-1296
renee@dorschfamilydental.com
*Claimant*

///

///

///

Settlement Agreement and Order - 4
U.S. v. Scott Johnson, et al., CR13-100-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# [PROPOSED] ORDER APPROVING SETTLEMENT AND FINAL ORDER OF FORFEITURE



The Court, having reviewed the above Agreement between the United States and Claimant Renee Veto, as well as the other papers and pleadings filed in this matter, hereby APPROVES the Agreement and ENTERS a Final Order of Forfeiture, as follows:

1. The remaining $5,000, to which Ms. Veto has withdrawn her claim, is fully and finally condemned and forfeited, in its entirety, to the United States;

2. Upon entry of this Order, no right, title, or interest in this remaining $5,000 shall Exist in any party other than the United States; and,

3. The United States, and/or its representatives, including but not limited to the United States Marshals Service, are authorized to dispose of this remaining $5,000 as permitted by governing law.

IT IS SO ORDERED.

DATED this 17th day of April, 2019.

THE HON. JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented by:

MICHELLE JENSEN
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

Settlement Agreement and Order - 5
U.S. v. Scott Johnson, et al., CR13-100-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3  *[signature: Renee Veto]*
4  RENEE VETO
   1098 Shaw Road
5  Ferndale, WA 98248
   (360) 319-1296
6  renee@dorschfamilydental.com
7  *Claimant*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Settlement Agreement and Order - 6
*U.S. v. Scott Johnson, et al.*, CR13-100-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2019, I electronically filed the foregoing Settlement Agreement and Proposed Order with the Clerk of the Court using CM/ECF system, which automatically serves the parties of record. On this same date, I also served a copy on Claimant Renee Veto via U.S. mail and electronic mail to:

Ms. Renee Veto
1098 Shaw Road
Ferndale, WA 98248
(360) 319-1296
renee@dorschfamilydental.com

*/s/ Michelle Jensen*
MICHELLE JENSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

Settlement Agreement and Order - 7
U.S. v. Scott Johnson, et al., CR13-100-JLR

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970